| | |
|---|---|
| **Anthony Joseph Mussehl,** | Civil No. 09-2376 (PAM/SRN) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| **Otis Zanders,** | |
| Respondent. | |

Anthony Joseph Mussehl, *pro se*, #210558, Minnesota Correctional Facility, 1079 Highway 292, Redwing, Minnesota 55066.

Thomas R. Ragatz, Assistant Ramsey County Attorney, Ramsey County Government Center-West, 50 West Kellogg Boulevard, Suite 315, St. Paul, MN 55012

_____

SUSAN RICHARD NELSON, United States Magistrate Judge.

This matter comes before the undersigned United States Magistrate Judge on Petitioner Anthony Joseph Mussehl's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and that this action be dismissed with prejudice.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  **Factual Background**[1]

Petitioner Anthony Joseph Mussehl, a state prisoner incarcerated at the Minnesota Correctional Facility in Red Wing, pled guilty to terrorist threats in 2002. Petitioner was given a

---

[1] This Court's recitation of facts is based primarily on the opinion of the Minnesota Court of Appeals in State v. Mussehl, No. A08-0626, 2009 WL 1373925 (Minn. Ct. App. May 19, 2009), rev. denied, (Minn. Aug. 11, 2009).

stay of imposition, which was later revoked for Petitioner's probation violations. He was consequently committed to the Commissioner of Corrections for a year and one day. Based on this criminal history, Petitioner was prohibited from possessing firearms.

In June 2007, Petitioner's grandfather noticed that several of his guns were missing and he reported the theft. Police investigators determined that Petitioner had taken the guns and pawned them. State v. Mussehl, No. A08-0626, 2009 WL 1373925, at *1 (Minn. Ct. App. May 19, 2009), rev. denied, (Minn. Aug. 11, 2009).

On July 11, 2007, Petitioner appeared with his public defender and pleaded not guilty to the charges and filed a speedy trial demand. At an August 22 pretrial hearing, Petitioner rejected the state's offer of a guidelines sentence if he pleaded guilty to possession of a firearm, and the trial was scheduled for September 10, 2007, 60 days after Petitioner's speedy-trial demand. Petitioner's public defender was unavailable that week, however, because he was starting a two-week murder trial and the county attorney was also unavailable. Id.

On September 10, 2007, stand-in attorneys appeared on behalf of both parties. Counsel appearing on behalf of Petitioner did not express concerns about Petitioner's speedy-trial rights and Petitioner did not reassert his speedy trial demand. The district court continued the trial to October 29, 2007. Id.

On October 29, 2007, Petitioner appeared for trial with his counsel. A new prosecutor appeared for the state and indicated that the case had been reassigned to her three days earlier. As a result, the new prosecutor requested a three-day continuance, which the district court granted. Id. At trial on November 5, 2007, the state moved to amend the charges because the new prosecutor concluded that the Petitioner had been undercharged. The district court granted

the motion to amend to add three additional ineligible-person-in-possession-of-a-firearm charges and three receiving-stolen-property charges. Id.

At trial, Petitioner attempted to present evidence that: (1) a prospective employer was unable to determine that Petitioner had a felony conviction; and (2) when he pleaded guilty to terrorist threats in 2002, he understood that within three years the charges would be reduced to a misdemeanour conviction. The district court did not permit the admission of this evidence. Id. The jury found Petitioner guilty on four counts of unlawful possession of a firearm, however the jury reached a not guilty verdict on the four counts of receiving stolen property. Petitioner was sentenced to the mandatory minimum 60-month sentence. Id.

### B. Procedural Background

Petitioner appealed his conviction to the Minnesota Court of Appeals which affirmed the judgment of the district court on May 19, 2009. In the appeal, Petitioner argued that the delay in bringing him to trial violated his constitutional right to a speedy trial. Id. at *1-4. Petitioner further argued that his due process rights had been violated when he was "prevented from fully explaining himself and from presenting certain evidence during trial." Id. at *4-5. The Court of Appeals considered Petitioner's claims and affirmed the convictions. Id. at *6. Petitioner petitioned the Minnesota Supreme Court for further review, which was denied on August 11, 2009.

Petitioner filed the instant Petition for Writ of Habeas Corpus on September 3, 2009. Petitioner seeks habeas relief on the following two grounds: (1) that his speedy trial rights were violated because he was prejudiced when his case commenced more than 60 days after he filed his speedy trial demand; and (2) his due process rights were violated when he was not permitted to explain and present evidence that he believed he had a misdemeanour conviction, not a felony.

3

(Doc. No. 1.) Respondent opposes the Petition on the grounds that Petitioner has failed to meet the "fair presentation" requirement on his due process claim and he has not met his burden of showing an unreasonable application of federal law on his speedy trial claim. (Doc. No. 4.)

## II. DISCUSSION

### A. The Fair Presentation Requirement

Before filing a federal habeas petition, a petitioner must exhaust his state court remedies by fairly presenting his federal constitutional claims to the highest available state court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995)); McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991).

If a petition contains claims that have not been fairly presented, the court must determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if the claim has not been fairly presented in one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. However, the petitioner has the right under state law to raise the claim by any available procedure. 28 U.S.C. § 2254(c). A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). There are two

exceptions: (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal; and (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review. Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006).

When a claim is procedurally defaulted in state court, the federal court considering the habeas petition must determine whether the prisoner has demonstrated cause and prejudice for the default, or whether a failure to consider the claim will result in a fundamental miscarriage of justice. McCall, 114 F.3d at 758 (citing Coleman, 501 U.S. at 750). Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test. Id. The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. Id. If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim. Carney v. Fabian, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

**1. Speedy Trial Rights**

Petitioner fairly presented his claim that his Sixth Amendment right to a speedy trial was violated. Petitioner exhausted his state court remedies by presenting his speedy trial claim to the Minnesota Court of Appeals and seeking review with the Minnesota Supreme Court. (Doc. No. 3.) In his state appeals, Petitioner referred to the Supreme Court case Vermont v. Brillon, -- U.S. --, 129 S. Ct. 1283, 1290, 173 L. Ed. 2d 231 (2009), addressing the Sixth Amendment guarantee to a speedy trial. (Doc. No. 3.) Therefore, because Petitioner exhausted his claim in state court and alerted the state court to the federal nature of his claim, his speedy trial claim has been fairly presented and the Court will addresses the speedy trial claim on the merits.

### 2. Due Process Rights

Petitioner did not fairly present his due process claim. Although Petitioner fairly presented his due process claim to the Minnesota Court of Appeals by citing a federal constitutional case, he did not do so in his petition for review with the Minnesota Supreme Court. Nowhere in his petition for review did Petitioner explicitly refer to a "federal constitutional right, a provision of the constitution, a federal constitutional case, or a state case raising a pertinent federal constitutional provision." McCall, 114 F.3d at 757. Rather, he referred only to state court cases based on state law. Petitioner's general and non-specific references to "due process" are insufficient to present a federal issue to the state courts. White v. Dingle, 267 Fed. Appx. 489, 492, 2008 WL 525612, *2 (8th Cir. 2008).

The Knaffla exceptions do not save Petitioner's claim. A due process claim based on exclusion of evidence is not novel, as evidenced by the fact Petitioner fairly presented the claim to the Minnesota Court of Appeals. Nor is there anything in the record to show an excusable reason for Petitioner's failure to present the claim to the Minnesota Supreme Court and fairness does not require review in this Court. Therefore, because Petitioner did not explicitly alert the state court of the federal nature of his claim in the petition, the claim is procedurally defaulted.

Nor has Petitioner shown cause and prejudice to excuse the default. Petitioner only argued that he did fairly present his due process claim to the Minnesota Supreme Court and did not offer any argument on the issue of cause or prejudice. Finally, this Court cannot conclude that a fundamental miscarriage of justice would result if the Court does not consider the claim because Petitioner has not presented evidence of actual innocence. This Court may not adjudicate a procedurally defaulted claim on habeas review, and therefore, the claim should be denied.

Even if this Court considered the merits of Petitioner's due process claim, the Court would still recommend that the Petition be denied. "Federal courts are not forums in which to relitigate state trials." Barefoot v. Estelle, 463 U.S. 880, 887 (1983). "The admissibility of evidence in a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief." Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994). The admissibility of evidence is reviewable in a habeas proceeding "only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir. 1984) (per curiam). Petitioner argues that the trial court erred in not allowing him to explain that he believed his conviction for making terrorist threats was a misdemeanor conviction and by not allowing a witness to testify that the Petitioner's employment background check did not reveal he had a felony. This is a state law evidentiary issue that is not the basis for federal habeas relief. The exclusion of this evidence, on the ground that it was not relevant under Minn. R. Evid. 402, did not infringe on a constitutional protection and was not so prejudicial that it amounts to denial of due process. Therefore, this Court recommends that the Petition be denied.

**B. The Merits of Petitioner's Speedy Trial Act Claim**

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams, 529 U.S. at 411).

When reviewing a state court decision, "a federal court . . . presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000); see also 28 U.S.C. § 2254(e)(1). This deference applies to factual determinations made by the state trial courts and state appellate courts. Sumner v. Mata, 449 U.S. 539, 547 (1981). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Whitehead v. Dormire, 340 F.3d 532, 539 (8th Cir. 2003).

The Supreme Court has held "[a] showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause . . . ." Reed v. Farley, 512 U.S. 339, 353 (1994). The Minnesota Court of Appeals denied Mussehl's post-conviction speedy trial claim based the Supreme Court precedent in Barker v. Wingo, 407 U.S. 514, 530 (1972), cited in State v. Cham, 680 N.W.2d 121, 124 (Minn. Ct. App. 2004). In Barker, the Supreme Court established a four

factor balancing test for evaluating speedy trial violations. Barker, 407 U.S. at 529. In such cases, a court should consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Id. As the Eighth Circuit has stated, "[b]ecause the Barker standard is a general, multi-factor standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Taylor v. Roper, 561 F.3d 859, 863 (8th Cir. 2009) (citing Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.")).

The Minnesota Court of Appeals found that the Petitioner's speedy trial rights were not violated, because "[a]lthough the other Barker factors weighed slightly in favor of [Petitioner]" the delay did not result in "any substantial prejudice" to the Petitioner. Mussehl, 2009 WL 1373925 at *4. The Court of Appeals decision was neither contrary to nor an unreasonable application of federal precedent. Petitioner has not identified a case with "materially indistinguishable facts" that was decided differently than Petitioner's case. The state courts also correctly identified the applicable Supreme Court precedent in Barker and reasonably applied the Barker factors to Petitioner's claim. The Court of Appeals held that Petitioner was unable to show he was prejudiced by his 117 days of pretrial incarceration or that he was prejudiced when additional ineligible-person-in-possession charges were added to the complaint. Mussehl, 2009 WL 1373925 at *4. The Court of Appeals reasonably concluded that Petitioner was not prejudiced by the additional charges because the additional charges were "mirror images of the original charges," based on the different firearms that were all mentioned in the original complaint. Id. Therefore, although the Court of Appeals found the other Barker factors weighed

9

slightly in favor of Petitioner, the holding, denying dismissal for Petitioner's failure to show prejudice, was not an unreasonable application of precedent. Therefore, this Court recommends that the Petition be denied.

### C. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner not be granted a COA in this matter.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Habeas Corpus Relief (Doc. No. 1) be **DENIED;** and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: July 27, 2010                                    s/ Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 11, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.