# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Anthony Joseph Mussehl,                          Civ. No. 09-2376 (PAM/SRN)

                 Petitioner,

v.                                               **MEMORANDUM AND ORDER**

Otis Zanders,

                 Respondent.

_____

This matter is before the Court on Petitioner's objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation ("R&R") dated July 27, 2010. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus and dismiss the action with prejudice.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Here, Petitioner objects to the R&R, contending that his due process claim was fairly presented, and reasserts that his due process rights were violated when he was not allowed to present evidence that he believed he had a misdemeanor conviction, and not a felony conviction, at the time he was in possession of several firearms. (See Obj. at 5–6.)[1] After review, the Court accepts the R&R's denial of the Petition, but grants a Certificate of Appealability ("COA") to Petitioner to present his claim to the Eighth Circuit Court of Appeals.

_____

[1] "Obj." refers to Petitioner's Objection and Request for Appeal of Judge Nelson's R&R (Doc. No. 11), which was filed on August 5, 2010.

## BACKGROUND

The R&R set forth detailed factual and procedural backgrounds. Therefore, only a brief version of the relevant procedural history follows.

On November 22, 2001, Petitioner was charged with Terroristic Threats under Minnesota Statutes, section 609.713, subdivision 1. After his stay of imposition was revoked for probation violations, "he was committed to the commissioner of corrections for a year and a day." State v. Mussehl, No. A08-0626, 2009 WL 1373925, at *1 (Minn. Ct. App. May 19, 2009), rev. denied (Minn. Aug. 11, 2009).[2] The charge was originally a felony, and has since been reduced to a misdemeanor.

In 2008, Petitioner was convicted of unlawful possession of firearms under Minnesota Statutes, section 624.713, subdivision 1(b). In relevant part, subdivision 1 provides:

> Subdivision 1. Ineligible persons. The following persons shall not be entitled to possess a pistol or semiautomatic military-style assault weapon or, except for clause (a), any other firearm:
> . . . .
> (b) except as otherwise provided in clause (i), a person who has been convicted of, or adjudicated delinquent or convicted as an extended jurisdiction juvenile for committing, in this state or elsewhere, a crime of violence.

---

[2] In a summary at the end of its opinion, the Minnesota Court of Appeals focused on the fact that Petitioner had been "committed to the commissioner of corrections for a year and a day." Mussehl, 2009 WL 1373925, at *5. Thus, it stated that he was prohibited from possession of a firearm under Minnesota Statutes, section 624.713, subdivision 1(j)(1). Id.; see also Minn. Stat. § 624.713, subdiv. 1(j)(1) (prohibiting from possessing firearms a person who "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . ."). Petitioner was not convicted under this portion of the statute; however, this apparent typographical error is of no consequence to the outcome of this case.

Minn. Stat. § 624.713, subdiv. 1 (2006) (emphasis added). A "crime of violence" includes a felony conviction for terroristic threats under Minnesota Statutes, section 609.713. Minn. Stat. § 624.712, subdiv. 5 (2006).

At trial, Petitioner attempted to present evidence that "a potential employer was unable to determine that [Petitioner] had a felony conviction when a background check on [Petitioner] was performed." Mussehl, 2009 WL 1373925, at *5. He also attempted to testify that "when he pleaded guilty to terroristic threats, he understood that after three years the felony conviction would be dropped to a misdemeanor." Id. The district court ruled that these offers of evidence were inadmissible; this ruling was thereafter affirmed by the Minnesota Court of Appeals. Id. After the Minnesota Supreme Court denied review, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") on September 3, 2009, on the following grounds: (1) his right to a speedy trial was violated because his case commenced more than sixty days after he filed his demand for a speedy trial; and (2) his due process rights were violated because he was not permitted to present the aforementioned evidence. See Petition at 5–6.

**DISCUSSION**

**A. Due Process Claim**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requires a petitioner to fairly present his or her federal constitutional claims to the highest available state court. See id. at 845. A claim has been fairly presented when a petitioner has referred such a court "to a specific federal constitutional

right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986) (citing Purnell v. Mo. Dep't of Corr., 753 F.2d 703, 707 (8th Cir. 1985); Thomas v. Wyrick, 622 F.2d 411, 413 (8th Cir. 1980)).

Petitioner contends that the Minnesota Supreme Court was alerted to two constitutional issues: (1) due process; and (2) right to a speedy trial. (See Obj. at 6.) Merely mentioning the right to due process and presenting "all of the facts on which [Petitioner's] claim would later be based" is not sufficient. Thomas, 622 F.2d at 413. But, in his Petition for Review of Court of Appeals' Decision, Petitioner does cite to two Minnesota cases in which parties argued that denying a criminal defendant the opportunity to explain his or her conduct to the jury is a violation of due process. See State v. Brechon, 352 N.W.2d 745, 751 (Minn. 1984) (noting that it is "fundamental that criminal defendants have a due process right to explain their conduct to a jury"); State v. Rein, 477 N.W.2d 716, 719–20 (Minn. Ct. App. 1991) (same). Giving Petitioner the benefit of all reasonable inferences, he has established that his due process claim was fairly presented. However, whether the mention of these cases amounts to a "fair presentation" is not outcome-determinative, because the Court would still deny the Petition.

As noted in the R&R, "questions concerning the admissibility of evidence are matters of state law, and are reviewable in federal habeas corpus proceedings only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Manning-El v. Wyrick, 738 F.2d 321,

322 (8th Cir. 1984) (per curiam) (citations omitted).  Petitioner avers that according to the Bureau of Criminal Apprehension ("BCA") and a BCA report, his 2002 conviction for Terroristic Threats is a misdemeanor and not a felony.  (Obj. at 2.)  The current BCA report for Petitioner does in fact describe this offense as a misdemeanor conviction.  So, if Petitioner ordered such a report, or if a potential employer ordered such a report, the report would not have revealed an earlier felony conviction.

However, a subsequent reduction in the level of the offense does not change the fact that Petitioner was originally convicted of a felony.  Therefore, he was prohibited from possessing firearms because he was "a person who has been convicted of . . . a crime of violence."  Minn. Stat. § 624.713, subdiv. (b); see also Minn. Stat. § 624.712, subdiv. 5.  In addition, Petitioner was well aware of his original felony conviction, as evidenced by his own writings.  (See, e.g., Obj. at 1 ("In 2002 I pled Guilty to a terrorist threat charge.  A fellony [sic] charge."); Obj. at 2 (discussing his "2002 conviction of a fellony [sic]")).  So, the exclusion of the evidence neither infringed Petitioner's constitutional rights nor denied him due process.  The Petition is denied.

### B. Certificate of Appealability

Petitioner is required to secure a COA prior to appealing the dismissal of his habeas corpus action.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  The Court cannot grant a COA unless Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner must establish that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  Flieger v. Delo, 16 F.3d

878, 883 (8th Cir. 1994) (citing <u>Lozado v. Deeds</u>, 498 U.S. 430, 432 (1991) (<u>per curiam</u>)).

Petitioner alleges that he took several steps to verify that he did not have a felony on his record. Apparently, the Minnesota BCA, a BCA report, and several potential employers each informed him that his Terroristic Threats conviction was a misdemeanor, but he was not allowed to present any such evidence at trial. (<u>See</u> Obj. at 2–3.) In light of the Court's limited review in habeas proceedings and the interesting issues Petitioner raises relating to his due process right to explain his conduct, the Court believes these issues "deserve further proceedings." <u>Flieger</u>, 16 F.3d at 883. Petitioner should be allowed to present his claim to the Eighth Circuit. Therefore, Petitioner is granted a COA as to the due process implications of the state trial court's failure to allow Petitioner to present evidence to explain his conduct.

**CONCLUSION**

For the foregoing reasons, the Court determines that the Magistrate Judge correctly denied Petitioner's request for relief, but should have granted a COA. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. No. 10) is **ADOPTED IN PART**;

2. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

3. The Certificate of Appealability is **GRANTED**; and

4. This action is **DISMISSED WITH PREJUDICE**.


**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: <u>Tuesday, September 28, 2010</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
